UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS DAVID ANTWINE,

        Petitioner,

                                           CASE NO. 16-cv-12000
v.                                      HONORABLE MARK A. GOLDSMITH

BONITA HOFFNER,

        Respondent.
_____/

## ORDER OF TRANSFER

        Petitioner Dennis David Antwine has filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging his state-court convictions for first-degree murder and assault with intent to commit murder, which were imposed following a bench trial in the Wayne County Circuit Court. He was sentenced in 1987 to concurrent terms of life imprisonment without the possibility of parole and 30-to-50 years' imprisonment. In his pleading, Petitioner raises claims concerning the state trial court's subject matter and personal jurisdiction. Petitioner has filed a prior habeas petition in federal court challenging the same convictions. The Court must, therefore, transfer this case to the United States Court of Appeals for the Sixth Circuit.

---

[1]Petitioner entitles his pleading as a motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(4). It is well settled, however, that state prisoners challenging their state-court convictions and seeking federal habeas relief must proceed under 28 U.S.C. § 2254. See Phillips v. Court of Common Pleas, Hamilton Co., 668 F.3d 804 (6th Cir. 2012) (citing cases). Moreover, Petitioner asks the Court to vacate his state convictions and sentences. Consequently, the Court construes his pleading as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998); In re Wilson, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function that the district court previously performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

Petitioner has already filed a federal habeas petition challenging the same convictions at issue in the instant case, which was denied and dismissed with prejudice. Antwine v. Burt, No. 92-CV-75220 (E.D. Mich. Feb. 23, 1993) (Taylor, J.). Petitioner has not obtained appellate authorization to file another petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

SO ORDERED.

Dated: June 8, 2016                                    s/Mark A. Goldsmith
       Detroit, Michigan                               MARK A. GOLDSMITH
                                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2016.

                                                       s/Karri Sandusky
                                                       Case Manager

2